**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERROLL JOINER,**

**Plaintiff,** **CASE NO.:**

**vs.**

**DISNEY WORLDWIDE SERVICES, INC. d/b/a The Walt Disney Company, a Florida Profit Corporation,**

**Defendant.**
**_______________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TERROLL JOINER, by and through his undersigned counsel brings this action against Defendant DISNEY WORLDWIDE SERVICES, INC. d/b/a The Walt Disney Company, and states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from racial discrimination as well as retaliation and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost

benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

**JURISDICTION AND VENUE**

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiff worked for Defendants in Lake Buena Vista, Orange County, Florida.

4. The illegal conduct occurred within the judicial district in and for this District.

5. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on January 22, 2026.

6. On August 3, 2026, the EEOC issued its right-to-sue letter.

7. Therefore, this Complaint is filed within 90 days of Plaintiff

receiving his right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in Winter Garden, Orange County, Florida.

9. At all times material hereto, Plaintiff worked for Defendant in Lake Buena Vista, Orange County, Florida.

10. Defendant is and was, at all relevant times, a Florida Profit Corporation, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

11. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

12. Plaintiff is an African American male individual who suffered discrimination based on his race and color.

13. Accordingly, Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

14. Plaintiff was qualified for his position.

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

17. Plaintiff timely filed his Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 22, 2026.

18. On August 3, 2026, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiffs receiving their right-to-sue letter.

19. Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

20. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTS

21. Plaintiff, an African American male, was hired by Defendant on or around October 3, 2016, as the Director of Network Operations.

22. Plaintiff reported to Vice President of Infrastructure, Darius Ryals.

23. In January 2021, Ryals left the Company which opened a position and potential promotion for Plaintiff.

24. Indeed, Plaintiff was next in line for Ryals's former position and was more than qualified for the role.

25. Accordingly, in March 2021, Plaintiff applied for the open position.

26. However, much to Plaintiff's surprise, he was not offered the role.

27. Instead, the position was given to a Caucasian female, Joy Laibl, who was lower on the organization structure and not part of the Infrastructure Operations organization, like Plaintiff.

28. Furthermore, prior to being hired for this position, Laibl was only a Senior Manager, and therefore was promoted two levels above her then position.

29. Plaintiff believed he was denied this position because of his race.

30. Despite not receiving the promotion in March 2021, Plaintiff was given additional responsibility that included added operational support for platform services and data center services.

31. However, Plaintiff did not receive additional pay or a bonus for taking on these additional responsibilities.

32. The fact that Plaintiff was given these additional responsibilities, shows he was qualified for the role given to Laibl.

33. In November 2024, the Company announced a reorganization which included Laibl's position.

34. However, rather than exiting her from the Company, she was quickly moved into one of the open available positions.

35. The focus of the reorganization was to consolidate architecture, engineering, and operations into a single organization.

36. The Company also created a new Vice President of Network role which Plaintiff applied for.

37. This newly created position was squarely within Plaintiff's experience and qualifications.

38. However, despite Plaintiff's qualifications, Plaintiff was not selected for the role and instead it was given to a less qualified Caucasian male, Mike Duguid.

39. The announcement for Duguid as the Vice President of Network was in January 2025.

40. Plaintiff believed he was denied this position because of his race.

41. Duguid communicated to the team that his strategy moving forward would be to move network service to a combined Network Development Operations model and move leadership roles to align with the Company.

42. Plaintiff was also told that he would be losing responsibility of Platform Operations.

43. Then in April 2025, Plaintiff was informed that he would also be losing responsibility of Data Center Operations.

44. Between April and June 2025, there were many conversations regarding the new organizational structure of Network Services.

45. Plaintiff informed Duguid that he would be willing to relocate to New York to fill one of the open Director positions.

46. Duguid felt that it was a good idea and thought that Plaintiff would do well in this potential role.

47. However, on June 2, 2025, Plaintiff was informed that his position with the Company was being eliminated, effective August 2, 2025.

48. In addition to Plaintiff, two of his co-workers were also impacted, Ian McLein, who is also African American and Evhen Farmiga, who is Caucasian.

49. On June 9, 2025, the Company posted four new Director positions.

50. Three of the positions were similar to Plaintiff's current role as the Director of Network Operations and the other was a new position.

51. In addition, these positions were based in California and New York.

52. Plaintiff applied for each of the four open positions.

53. Between June 12, 2025, and July 12, 2025, Plaintiff interviewed with several Vice Presidents for the open positions.

54. The Vice Presidents that Plaintiff interviewed with were Sean Eastland, Chad Haas, Alexi Varanko, Shadi Almassizadeh, Mike Fecher, Walaid Madry and Pradeep Krishnamurthy, all white.

55. On July 25, 2025, despite Plaintiff's vast experience and qualifications, Plaintiff was notified that he was not selected for any of the open roles that he had interviewed for.

56. Additionally, Plaintiff learned that Ian McLein, the other African American who had his position eliminated, was also not selected for any of the open roles.

57. Curiously, however, Evhen Farmiga, the only Caucasian impacted by the June 2, 2025, position elimination, was asked to take another position that was not yet fully defined nor posted during the application process.

58. Plaintiff learned that this newly created position was specifically for Farmiga.

59. Plaintiff believed the decision to not be offered a similar role was because of his race.

60. On July 26, 2025, the Company posted the newly created position which was the Senior Manager for Wireless, IoT and Mobility Product Management for Farmiga to apply and by the afternoon, the position was no longer available.

61. This position was posted only for Farmiga to apply, and no other employees were allowed to apply for this new position.

62. Not surprisingly, Farmiga received the new position.

63. There is no question that race was a motivating factor in Plaintiff's position elimination and in connection with the decision not to offer Plaintiff any of the four newly created positions.

64. Plaintiff believe the Company's reason for his termination is false and a pretext for discrimination and retaliation under Title VII and 42 U.S.C. §1981 ("Section 1981").

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

65. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 64, as though fully stated herein.

66. Defendant discriminated against Plaintiff based on his race.

67. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

68. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

69. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

70. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

71. Defendant's actions were open and obvious.

72. As a direct and proximate result of Defendant's harassing and hostile work environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RACE RETALIATION IN VIOLATION OF TITLE VII

73. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 64, as though fully stated herein.

74. Defendant retaliated against Plaintiff because of his complaints

about race discrimination.

75. Plaintiff engaged in statutorily protected activity by making numerous verbal and written complaints to Defendant regarding race discrimination.

76. Plaintiff suffered an adverse employment action after reporting to Defendant the unlawful conduct, when he was ultimately terminated.

77. A causal connection exists between the protected activity and the adverse action.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of his complaints of race discrimination.

79. Defendant does not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

80. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and

others, from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

83. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE**,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT III**
**RACE DISCRIMINATION IN VIOLATION OF FCRA**

77. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 64, above.

78. Plaintiff brings this cause of action pursuant to Section 760.07,

F.S.

79. Defendants discriminated against Plaintiff based on his race.

80. Defendants engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

81. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

82. At all material times, Plaintiff was qualified to perform his job duties.

83. Defendants discriminated against Plaintiff because of his race.

84. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

85. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IV**
**RACE RETALIATION IN VIOLATION OF FCRA**

86. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 64, above.

87. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

88. At all material times, Plaintiff was qualified to perform his job duties.

89. Defendants retaliated against Plaintiff because of his complaints about race discrimination.

90. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendants regarding race discrimination.

91. Defendants engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

92. The above retaliation was done by Defendants with a reckless

disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT V**
**DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981**

93. Plaintiff realleges and adopts allegations combined in paragraphs 1 through 64, as though fully stated herein.

94. Plaintiff is an African American female individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

95. At all times material, Plaintiff was an employee of the Defendant.

96. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

97. Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

98. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

99. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

100. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

101. Based on the foregoing allegations as set forth in paragraphs 1 through 64 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

**COUNT VI**
**RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

102. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 64, as though fully stated herein.

103. Plaintiff is an African American male individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

104. At all times material, Plaintiff was an employee of the Defendant.

105. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

106. Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of her employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

107. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or

similar employment-related contract(s), agreements or relationships with the Defendant.

108. To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

109. Plaintiff suffered an adverse action.

110. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

111. Pursuant to 42 U.S.C. §1981(b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

112. Based on the foregoing allegations as set forth in paragraphs 1 through 64, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms

and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Date: September 30, 2026

Respectfully submitted,

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq. – LEAD COUNSEL
Florida Bar No.: 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***